UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

GERALD WILLIAM PAYNE, Jr.,

        Petitioner,        Case No. 1:12-cv-717

v.        Honorable Robert J. Jonker

CARMEN PALMER,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. Factual Allegations

Petitioner Gerald William Payne, Jr., is incarcerated with the Michigan Department of Corrections at the Michigan Reformatory. On or before January 30, 2009, Petitioner pleaded guilty in Allegan County Circuit Court to two counts of operating/maintaining a laboratory involving methamphetamine, Mich. Comp. Laws § 333.7401c(2)(f). That court sentenced Petitioner to concurrent prison terms of 9 years and 2 months to 20 years for each count. Plaintiff then appealed his judgment of sentence and conviction as of right to the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave to appeal on April 29, 2009 and October 21, 2009, respectively.

On or after November 16, 2010,[1] Petitioner filed a motion for relief from judgment in state court pursuant to Rule 6.508 of the Michigan Court Rules. The circuit court denied the motion on December 27, 2010. Petitioner appealed that decision to the Michigan Court of Appeals and the Michigan Supreme Court, and those courts denied leave to appeal on May 27, 2011 and December 28, 2011, respectively.

Petitioner brought the instant action on or around July 2, 2012.[2] The Court subsequently ordered Petitioner to file an amended petition on the proper form in accordance with

---

[1] Petitioner does not specify the date that he filed his motion for relief from judgment, but a copy of the motion attached to his pleadings is dated November 16, 2010. (*See* docket #4-4, Page ID#179.) Thus, the motion must have been filed on or after that date. For purposes of this Report and Recommendation, I will give Petitioner the benefit of the earliest possible filing date.

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The petition is dated July 2, 2012 and it was received by the Court on July 10, 2012. Thus, it must have been handed to prison officials for mailing at some time between July 2 and July 10, 2012. For purposes of this Report and Recommendation, I will give Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Rule 4 of the Rules Governing Habeas Corpus Proceedings under Section 2254, which he did on August 16, 2012.³ Therein, he asserts the following grounds for relief:

> I. [Petitioner] is entitled to resentencing because the statutory sentencing guidelines were mis-scored as to the offense variables.
>
> II. Ineffective assistance of trial counsel. The trial court violated multiple state and federal rules and procedures when determining and executing [Petitioner's] sentence with no objection from trial counsel.
>
> III. The sentencing court violated multiple state and federal rules and procedures when determining and executing [Petitioner's] sentence.
>
> IV. The sentencing court sent false information to the M.D.O.C. in regards to [Petitioner's] fines and costs.

(*See* Am. Pet., docket #4.) In a brief attached to his amended petition, Petitioner asserts a fifth ground for relief. *i.e.* that he was denied effective assistance of appellate counsel. (*See* Br. in Support of Am. Pet. 36, docket #4-1, Page ID#64.) Petitioner asserts that Ground I was raised on direct appeal from the criminal judgment, and the other grounds for relief were raised in his motion for relief from judgment.

## II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.⁴ Section 2244(d)(1) provides:

---

³The amended petition is dated August 16, and it was received by the Court on August 20, 2012. I will give Petitioner the benefit of the earliest possible filing date. *See* note 2, *supra*.

⁴Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 21, 2009. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 19, 2010. Thus, absent tolling, Petitioner would have had one year from that date to file his habeas application.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence*, 549 U.S. at 327. Thus, Petitioner's motion for relief from judgment tolled the statute of limitations from the time that it was filed until the Michigan Supreme Court issued its decision on appeal from the judgment of the circuit court.

Assuming that Petitioner filed his motion for relief from judgment on November 16, 2010, the motion tolled the statute of limitations when there were approximately sixty-four days remaining in the limitations period. Hence, following the Michigan Supreme Court's decision on December 28, 2011, Petitioner had until approximately March 1, 2012 to file his petition under § 2254.[5] He did not file his petition until July 2, 2012,[6] over four months after the limitations period expired. Thus, the petition is untimely.

The one-year limitations period applicable to § 2254 is subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir.

---

[5]The limitations period may have expired even earlier if Petitioner filed his motion for relief from judgment later than November 16, 2010, because the statute of limitations continued to run until the motion was filed.

[6]Arguably, the relevant filing date is August 16, 2012, the date Petitioner filed the amended petition, because the original petition did not expressly assert any grounds for relief. It merely listed the one issue that Petitioner raised on direct appeal and the eight issues that he raised in his motion for relief from judgment. (*See* Pet., docket #1, Page ID##2, 4.) Moreover, it provided virtually no facts to explain any of Petitioner's grounds for relief. Instead, it asserted that details would be given in a forthcoming Memorandum of Law. (*Id.* at Page ID##3, 6.) Petitioner cannot claim the benefit of the July filing date for any claims in the amended petition that do not relate back to the original petition. *See* Fed. R. Civ. P. 15(c)(1); *Mayle v. Felix*, 545 U.S. 644, 664 (2005) (defining "relation back" in the habeas context).

2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner asserts the following as a basis for equitable tolling: (1) his appellate counsel was ineffective, which required him to use a motion for relief from judgment to exhaust his issues; (2) he lacked money to hire counsel to properly file his briefs in his post-conviction proceedings and in this action; (3) he lacked knowledge of the law; (4) his history of drug and alcohol abuse has "greatly affected his brain functions" and his ability to learn and understand the law; and (5) the issues in his petition "are based on facts backed by state and federal rules and procedures, [and] multiple case law decisions[.]" (Am. Pet., docket #4, Page ID#26.)

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law,

even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). In addition, the fact that the allegedly ineffective assistance of Petitioner's appellate counsel necessitated the use of a motion for relief from judgment to exhaust some of Petitioner's claims does not explain his failure to file his petition for over two months after the Michigan Supreme Court ruled on that motion. *Cf. Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (concluding that, for purposes of granting a stay in a habeas action, thirty days is a reasonable amount of time for a petitioner to return to federal court after state-court exhaustion is completed). Finally, there is no support for Petitioner's assertion that his impaired brain functioning has hindered his ability to timely prepare and file a petition. Consequently, I conclude that Petitioner is not entitled to equitable tolling of the statute of limitations.

       The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  October 25, 2012                              /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).