UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD WILLIAM PAYNE, Jr.,

    Petitioner,

CASE NO. 1:12-CV-717

v.

HON. ROBERT J. JONKER

CARMEN PALMER,

    Respondent.
_____/

**ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (doc. # 6) and Petitioner's Objections to Report and Recommendation (doc. # 7). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's Objections. After its

review, the Court finds the Report and Recommendation to be both factually sound and legally correct. Petitioner's objections largely reassert the principal claims raised in his habeas petition. The Report and Recommendation fully addresses the majority of those claims. The Magistrate Judge carefully and thoroughly considered the record in the case and properly applied the law to the facts. Nothing in the objection changes the analysis.

The Magistrate Judge concluded that Petitioner's § 2254 petition is barred by the one-year statute of limitations. (Report & Recommendation, doc. # 6, at 1.) Petitioner objects that his claim is not time-barred because it is subject to the doctrine of equitable tolling. The doctrine of equitable tolling allows courts to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). In appropriate cases, equitable tolling may apply to habeas petitions. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). In general, however, federal courts apply the doctrine sparingly. *See Graham-Humphreys*, 209 F.3d at 560. A habeas petitioner is entitled to equitable tolling only if he can show that: (1) he has pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing.[1] *Holland*, 130 S. Ct. at 2562.

---

[1] Petitioner urges the Court to apply the five-factor test from *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001), to decide the equitable tolling question in this matter. (Objection, doc. # 7, at 4.) But, in 2010, the Supreme Court replaced the *Dunlap* test with the two-pronged *Holland* test. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011) ("[W]e conclude that *Holland*'s two-part test has replaced *Dunlap*'s five-factor inquiry as the governing framework in this circuit for determining whether a habeas petitioner is entitled to equitable tolling."). Thus, the Magistrate Judge correctly applied the two-pronged *Holland* test as the framework for his equitable tolling analysis.

Petitioner asserts several bases for equitable tolling in this matter: (1) he did not know his § 2254 claim was subject to a one-year limitations period; (2) he did not have the money to hire a lawyer to alert him to the one-year limitations period; (3) he diligently investigated his obligations in filing a § 2254 action, but did not learn of the one-year limitations period in time; (4) his counsel on appeal erred by failing to raise several constitutional claims, thereby requiring Petitioner to spend time pursuing a motion for relief from judgment to exhaust those claims; and (5) he is actually innocent of the crime charged. (Objection, doc. # 7, at 1-10.) None of these reasons justifies equitable tolling in this case. Petitioner's ignorance of the law, even given his *pro se* status, is not the sort of extraordinary circumstance that justifies late filing. *See, e.g.*, *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness . . . ."); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (neither ignorance nor excusable neglect suffices to invoke equitable tolling). Similarly, the fact that Petitioner had to move for relief from judgment to exhaust a number of his constitutional claims does not mean he gets to reset the limitations clock on his § 2254 claim. Indeed, 28 U.S.C. § 2244(d) expressly provides that the limitations period begins to run at the conclusion of direct review, and that post-conviction remedies (like a motion for relief from judgment) merely toll the running of the statute, rather than restarting it. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) ("The plain language of the statute indicates that an application for state post conviction or other collateral relief does not serve to delay the date on which a judgment becomes final. Rather, such limitations merely toll the running of the statute

of limitations."). Thus, the Magistrate Judge properly concluded that none of these arguments justified application of the doctrine of equitable tolling in Petitioner's case. (Report & Recommendation, doc. # 6, at 6-7.)

The only argument in Petitioner's Objection that the Magistrate Judge did not expressly consider is Petitioner's claim under the "actual innocence" exception. (Objection, doc. # 7, at 4.) The actual innocence exception provides that the statute of limitations may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). "Actual innocence" means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Souter*, 395 F.3d at 590. To make out a credible claim of actual innocence, Petitioner must support his allegations of federal constitutional error with new, reliable, exculpatory evidence--scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was unknown or unavailable at the time of his trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Souter*, 395 F.3d at 590.

Here, Petitioner does not present any new evidence suggesting he did not commit the crime for which he was convicted. Rather, he alleges that the State of Michigan breached a plea agreement that led to Petitioner's conviction and sentence. (Objection, doc. # 7, at 5-9.) Even if true, that allegation is not a claim of actual innocence; it is only a claim that the State of Michigan breached its agreement with Petitioner. Without new, reliable, *exculpatory* evidence, even the existence of a meritorious constitutional claim is insufficient to establish the kind of miscarriage of justice that would justify application of the doctrine of equitable tolling. *Schlup*,

513 U.S. at 324; *Cable v. Woods*, No. 2-09-CV-118, 2010 WL 502722, at *3 (W.D. Mich. Feb. 5, 2010). Therefore, Petitioner's actual innocence argument fails, as well.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). The Court does not believe that reasonable jurists would find its assessment of the constitutional claims debatable or wrong. Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (doc. # 6) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (doc. # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's request for a Certificate of Appealability is **DENIED**.


Dated:     February 14, 2013              /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE

6